IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FILED

October 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| ARTHUR RAY LEPLEY, | ) |
| | ) C.C.A. NO. 01C01-9903-CR-00084 |
| Appellant, | ) (Nos. 87-W-127 & 87-W-128 Below) |
| | ) DAVIDSON COUNTY |
| VS. | ) |
| | ) The Hon. Walter C. Kurtz |
| STATE OF TENNESSEE, | ) |
| | ) (Dismissal of Post-Conviction Petition) |
| Appellee. | ) |
| | ) AFFIRMED PURSUANT TO RULE 20 |

O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Having reviewed the state's motion, the appellant's brief, and the record on appeal, we find that the motion is well taken.

It appears that in 1987, the petitioner pled guilty to three counts of armed robbery and two counts of aggravated assault, and the trial court sentenced him to an effective sentence of life plus ten years. The petitioner filed his first post-conviction petition on July 21, 1988, claiming, in part, that his right to due process was violated based on a failed bribery attempt by the petitioner and his father. On direct appeal, this Court affirmed the trial court, Lepley v. State, No. 89-249-III (Tenn. Crim. App., at Nashville, April 27, 1990), and the Supreme Court denied permission to appeal on July 30, 1990. Subsequently, the appellant filed a second post-conviction petition and then a motion to reopen post-conviction petition, both of which were denied.

Finally, the petitioner filed the petition under review on November 18, 1998. He submitted that he had newly discovered evidence in support of his claim regarding a failed bribery attempt. Specifically, affidavits from his sister and brother-in-law stating that they could confirm that the petitioner's father talked and met with the trial judge regarding the attempted bribe. The trial court dismissed the petition, finding that it was barred by res judicata and the statute of limitations and that the petitioner had failed to show good cause to reopen the matter. We affirm.

Pursuant to T.C.A. § 40-30-202(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid. Moreover, under T.C.A. § 40-30-202(c), where a post-conviction petition has been filed and resolved on the merits by a court of competent jurisdiction, any second or subsequent petition is to be dismissed summarily.

In the present case, the petitioner's filed his petition for post-conviction relief outside the statute of limitations set forth in T.C.A. § 40-30-202(a), he does not submit that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b), and the petitioner filed a previous post-conviction petition which was resolved on the merits by a court of competent jurisdiction. T.C.A. § 40-30-202(c).

The statute clearly states that the one-year limitations period shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. T.C.A. § 40-30-202(a). Moreover, application of the statute of limitations in this instance does not violate due process principles. In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our Supreme Court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. Id. In Burford, the Supreme Court held that the petitioner was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation." Id. No such trap exists here.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and

the judgment of the trial court is affirmed.  It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE